```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

JACOBY & MEYERS, LLP,           :

        Plaintiff,              :

v.                              :     Case No. 3:11-cv-817 (RNC)

JUDGES OF THE CONNECTICUT       :
SUPERIOR COURT,                 :

        Defendants.             :
```

## RULING AND ORDER

Plaintiff Jacoby & Meyers, LLP[1] brings this suit against the Judges of the Connecticut Superior Court to challenge the constitutionality of Connecticut Rule of Professional Conduct 5.4, which restricts the ability of lawyers to share fees or enter into business partnerships with nonlawyers.  Plaintiff asks the Court to declare that Rule 5.4 violates the United States Constitution and enjoin its enforcement.[2]  Defendants, supported by amici the Connecticut Bar Association and the Connecticut Trial Lawyers Association, have moved to dismiss (ECF No. 14) on

---

[1] Plaintiff originally filed this suit as Jacoby & Meyers Law Offices, LLP.  According to the records of the New York Department of State, plaintiff changed its name to Jacoby & Meyers, LLP in 2000.  Plaintiff made an oral motion to amend the complaint to reflect this name change (ECF No. 43).  The Court grants this motion on the grounds that leave to amend is freely granted and there is no undue prejudice to defendants.  See Noqbou v. Mayrose, 400 F. App'x 617, 620 (2d Cir. 2010).

[2] The complaint also includes claims that Rule 5.4 violates the Connecticut Constitution and state laws, but those claims have been withdrawn.  See Pl.'s Mem. in Opp'n to Mot. to Dismiss (ECF No. 21) at 1 n.1.

1

various grounds.  For reasons that follow, the motion is granted.

Plaintiff is a nationwide law firm incorporated as a limited liability partnership in the State of New York.  Plaintiff states that it maintains offices for the practice of law in Connecticut.  The judges of the Connecticut Superior Court have adopted the Connecticut Rules of Professional Conduct, which govern the conduct of attorneys licensed to practice in the state.

Rule 5.4 prevents non-lawyers from investing in law firms.  The Rule provides in part that "a lawyer shall not form a partnership with a nonlawyer if any of the activities of the partnership consist of the practice of law," or "practice with or in the form of a professional corporation or association authorized to practice law for a profit, if . . . a nonlawyer owns any interest therein . . . ."  Plaintiff alleges that by preventing it from raising capital in exchange for granting nonlawyers an equity stake in the law firm, Rule 5.4 unconstitutionally restricts its ability to practice law and deprives clients of cost-effective, technologically-advanced access to the legal system.

All fifty states have adopted some version of Rule 5.4.  On the same day plaintiff filed this suit, it filed substantially similar pre-enforcement constitutional challenges to Rule 5.4's counterparts in New York and New Jersey.  In the New Jersey action, the District Court abstained under Railroad Commission of

Texas v. Pullman Co., 312 U.S. 496 (1941), on the ground that resolution of the constitutional issues raised by the complaint should be deferred pending a determination by the Supreme Court of New Jersey of whether Rule 5.4 does or does not permit a non-lawyer to own an equity interest in a law firm.  See Jacoby & Meyers, LLP v. Justices of the Supreme Court of N.J., 11-cv-2866 (PGS) (D.N.J. Mar. 2, 2012).  The New Jersey action was eventually voluntarily dismissed, apparently with no intervening application to the New Jersey Supreme Court.

The New York action was initially dismissed for lack of standing because other provisions of New York law besides Rule 5.4 could be invoked to bar nonlawyer investment in law firms and plaintiff challenged only Rule 5.4.  Jacoby & Meyers, LLP v. Presiding Justices of the First, Second, Third and Fourth Dep'ts, Appellate Div. of the Supreme Court of the State of N.Y., 847 F. Supp. 2d 590, 598 (S.D.N.Y. 2012).  In dismissing the action, Judge Kaplan noted that "even if this Court perceived that the state statutes at issue here were unclear, it would have abstained under Pullman and stayed the action pending a state court resolution of the state law issues."  Id. at 599.  The Court of Appeals vacated and remanded to permit plaintiff to amend its complaint to challenge any other New York laws that could prohibit nonlawyer investment in law firms.  Jacoby & Meyers, LLP v. Presiding Justices of the First, Second, Third and

3

Fourth Dep't's, Appellate Div. of the Supreme Court of the State of N.Y., 488 F. App'x 526, 527 (2d Cir. 2012), as amended (Jan. 9, 2013).  The Court foreclosed the possibility of Pullman abstention in that case, reasoning that the appellees were judicially estopped from arguing that other provisions of state law prohibiting nonlawyer investment in law firms were sufficiently unclear as to warrant abstention.  Id.

On remand, Judge Kaplan dismissed the action, ruling that plaintiff's constitutional challenges were "entirely without merit."  Jacoby & Meyers, LLP v. Presiding Justices of the First, Second, Third and Fourth Dep't's, Appellate Div. of the Supreme Court of the State of N.Y., 118 F. Supp. 3d 554, 560 (S.D.N.Y. 2015)("Jacoby III").  Last week, the Court of Appeals affirmed.  Applying rational basis review, the Court agreed with Judge Kaplan that "the challenged laws serve New York State's well-established interest in regulating attorney conduct and in maintaining ethical behavior and independence among the members of the legal profession."  Jacoby & Meyers, LLP v. Presiding Justices of the First, Second, Third and Fourth Dep't's, Appellate Div. of the Supreme Court of the State of N.Y., Docket No. 15-2608, 2017 WL 1101082, at *8 (Mar. 24, 2017), citing Jacoby III, 118 F. Supp. 3d at 574-75.  In view of the Court of Appeals decision, it is apparent that this action should be dismissed.

Even if plaintiff's claims are not plainly foreclosed by the

affirmance in Jacoby III, dismissal of this action is proper to "avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication."  Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 306 (1979) (citing Harman v. Forssenius, 380 U.S. 528, 534 (1965)).  In the "void for vagueness" section of its opposition brief, plaintiff asserts that Rule 5.4's prohibition against a lawyer practicing in a firm in which a nonlawyer owns "any interest" is ambiguous because some types of interests, such as bank loans and lines of credit are permitted, while others, such as plaintiff's hypothetical nonlawyer investments, might be prohibited.  See Pl.'s Mem. in Opp'n to Mot. to Dismiss (ECF No. 21) at 29-30.  As discussed at oral argument, plaintiff can gain clarification of the scope of Rule 5.4's prohibition by seeking an advisory opinion from the Connecticut Bar Association or bringing a declaratory judgment action in state court.  Either is preferable to proceeding with this action.

     Accordingly, defendants' motion to dismiss (ECF No. 14) is granted.  The Clerk may close the file.

     So ordered this 31st day of March 2017.

                                                     /s/
                                        Robert N. Chatigny
                              United States District Judge